**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendants. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>MAXAM ABSOLUTE RETURN FUND, L.P.; MAXAM ABSOLUTE RETURN FUND, LTD.; MAXAM CAPITAL MANAGEMENT LLC; MAXAM CAPITAL GP LLC; SANDRA L. MANZKE REVOCABLE TRUST; SANDRA L. MANZKE, AS TRUSTEE AND INDIVIDUALLY; SUZANNE HAMMOND; WALKER MANZKE; AND APRIL BUKOFSER MANZKE;<br><br>Defendants. | Adv. Pro. No. 10-05342 (BRL) |

**ORDER PURSUANT TO SECTIONS 362(a) AND 105(a) OF THE BANKRUPTCY CODE ENFORCING THE AUTOMATIC STAY, STAY ORDERS, AND SIPA AND GRANTING TRUSTEE'S APPLICATION FOR AN INJUNCTION**

UPON REVIEW AND CONSIDERATION OF THIS MATTER, having been brought to

the Court's attention upon the application (the "Application")[1] of Irving H. Picard, as trustee (the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

"Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), by and through his counsel, for an order to show cause why an injunction should not issue: (i) enforcing the automatic stay and stay orders of the District Court, dated December 15, 2008, December 18, 2009, and February 9, 2009 (collectively, the "Stay Orders") and declaring that the Cayman Action (as defined below) violates the automatic stay and is void *ab initio*; and (ii) enjoining Maxam Absolute Return Fund, Ltd. ("Maxam Limited" or the "Defendant") from pursuing an action filed by Maxam Limited directly against the Trustee in the Grand Court of the Cayman Islands on or about July 11, 2011 (the "Cayman Action"); and after consideration of all papers filed in connection with and in response to the Trustee's Application; and after a hearing held on October 12, 2011; and after due deliberation of the foregoing;

## THE COURT HEREBY FINDS AND DETERMINES THAT:

1. Maxam Limited commenced the Cayman Action on or about July 11, 2011 seeking a declaratory judgment in the Grand Court of the Cayman Islands that Maxam Limited is not liable to the Trustee with respect to $25,000,000 received by Maxam Limited from Maxam Absolute Return Fund, LP within the 90 days prior to December 11, 2008.

2. Maxam Limited commenced the Cayman Action directly against the Trustee without first having sought leave of this Court.

3. If not enjoined, the Cayman Action will defeat or impair this Court's jurisdiction over the Trustee's avoidance action claims in the above-captioned proceeding and over Customer Property belonging to the BLMIS estate, which constitutes irreparable harm.

4. If not enjoined, the Cayman Action will require the Trustee to submit an acknowledgement of service prior to October 21, 2011 and expend resources defending himself thereafter.

5. The allegations in the Trustee's Application and documentation submitted in support thereof establish this Court's personal jurisdiction over Maxam Limited; this Court has jurisdiction to grant the relief effected by this order.

6. The Cayman Action violates the automatic stay, the Stay Orders, and SIPA and is void *ab initio*.

**ACCORDINGLY, IT IS HEREBY:**

ORDERED that the Cayman Action and any judgments, findings, determinations, declarations, or other relief deriving from the Cayman Action is void *ab initio*; and it is further

ORDERED that the Trustee is not required to respond, acknowledge service, defend, or otherwise participate in the Cayman Action; and it is further

ORDERED that Maxam Limited, and any officer, agent, servant, employee, attorney or other person acting in concert or participation therewith, are enjoined from taking any further actions in the Cayman Action other than those actions necessary to comply with the terms of this order; and it is further

ORDERED that Maxam Limited, and each attorney and other person acting on behalf of or in concert with Maxam Limited, is enjoined, stayed, and prohibited from filing any further proceedings against the Trustee, the BLMIS estate or the assets of the BLMIS estate in any domestic or extraterritorial jurisdiction without first obtaining leave of this Court; and it is further

- 4 -

ORDERED that on or before October 14, 2011, Maxam Limited shall withdraw its application in the Cayman Islands, dismiss the Cayman Action, and dismiss any and all claims and requests for declaratory or other relief asserted against the Trustee or BLMIS in the Grand Court of the Cayman Islands; and it is further

ORDERED that Maxam Limited may be sanctioned, to include the award of costs and attorney's fees, resulting from any violation of the terms of this order, the automatic stay, SIPA, or the Stay Orders, such award to also include costs incurred as a result of sanctionable violations that occurred prior to the date of this order, however, compliance with the above decretal paragraph shall obviate the need for any sanctions.

Dated: New York, New York
       October 12, 2011 at 1:00 p.m.

                                            /s/ Burton R. Lifland
                                            Honorable Burton R. Lifland
                                            United States Bankruptcy Judge